UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Theodore Wagner, | ) | |
| | ) | C/A No.: 2:13-cv-02406-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Officer Monica Hampton; Officer Ruth Daugherty; Officer Donald Simmons; La Toshia Spearing; PayComputerMonitoring.com; *all in their Individual and Official Capacity*, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's Petition for Reconsideration and Clarification of Constitutional Challenge. ECF No. 75. For the reasons set forth below, Plaintiff's Petition is DENIED.

## Background

On September 5, 2013, Plaintiff filed a *pro se* Complaint against the above named Defendants. ECF No. 1. Plaintiff asserts that these Defendants conspired in violation of his constitutionally protected rights. *Id.* Plaintiff was allowed to bring this claim *in forma pauperis*. ECF No. 10. Magistrate Judge Dixon filed a Report and Recommendation on July 2, 2014 recommending that this Court (1) grant Defendants' motions to dismiss; (2) dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (3) deny Plaintiff's motion for a TRO; and (4) find all of Plaintiff's other outstanding motions moot. ECF No. 69. Objections to the magistrate's Report and Recommendation were due by July 21, 2014. On July 18, 2014, Plaintiff moved for

an extension of time to file objections to the magistrate's Report and Recommendation, stating that an extension of time was needed for three reasons: (1) "[his] poverty"—"[he] ha[s] no money" and uses his "disability check on the first of the month . . . to buy stamps and make copies;" (2) "[he] ha[s] not finished collecting new evidence to prove this ongoing conspiracy"; and (3) "because of the ongoing conspiracy to oppress Redress of a lawful challenge of laws made in violation of the First Amendment has not been given redress yet." ECF No. 72. Plaintiff did not specify the amount of time needed to file objections, but asked this Court "to hold off on any ruling." *Id.* This Court denied Plaintiff's request for an extension on July 21, 2014. ECF No. 73. Plaintiff now seeks reconsideration of this Court's denial of an extension of time to file objections to the magistrate's Report and Recommendation.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff seeks to bring this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. *See* ECF No. 3. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat Plaintiff's Petition for Reconsideration as a Rule 59 motion to alter or amend a judgment. Rule 59(e) allows a party to file a motion to alter or amend a judgment within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). It may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* Furthermore, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

Plaintiff's current motion does not present new controlling law or evidence, nor does it point to any clear legal error of this Court.  This Court finds that its previous order, denying Plaintiff's request for additional time to respond to the magistrate's report and recommendation, is still appropriate.  Therefore, Plaintiff's request for reconsideration should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Reconsideration and Clarification of Constitutional Challenge is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  29 , 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.